UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

In re:

    RONALD WILLIAM HALEY,                            Case No. 07-54244

          Debtor.                                              Chapter 7
_____/
                                                                               Hon. Walter Shapero
DARLENE LEWIS,

          Plaintiff,

v.                                                                   Adv. Pro. No. 07-6589

RONALD WILLIAM HALEY,

          Defendant.
_____/

## **OPINION**

      This matter is before the Court upon the complaint of plaintiff, Darlene Lewis, seeking a determination of dischargeability of a state court judgment.

### **I.**

      Plaintiff alleges that in March 2005 the parties shook hands on a deal regarding a certain parcel of real property owned by Defendant who agreed to sell the real property on a land contract to her and her husband, for a purchase price equal to the balance Defendant owed on the mortgage covering the property (roughly $25,000). The price was to be paid without interest at the rate of $550 per month until paid in full, with the Plaintiff being obligated to make repairs to the property. It appears that the Defendant's continuing monthly mortgage payments were higher (about $670 or so).

1

Defendant's version of the discussion and understanding was that the parties only talked about Plaintiff leasing the property for $550 per month, with Plaintiff being obligated to make specified repairs to the property in lieu of any security deposit being paid.

Plaintiff commenced making the indicated repairs and moved into the property at some point (Defendant says sometime in May 2005 and Plaintiff says some time in July 2005). Defendant presented a form of lease for Plaintiff to sign which Plaintiff refused, saying they had agreed to a sale of the property, not a lease. Defendant also complained that the repairs being made went beyond what was specified and that what was done was done poorly. Defendant sent Plaintiff a notice to quit dated July 25, 2005 or so, alleging failure to make lease payments, incident to commencing summary proceedings to obtain possession. The latter resulted in a September 20, 2005 state court judgment entitling Defendant to possession of the property. (Exhibit D).

On October 6, 2005 Plaintiff initiated an action in the state District Court seeking recovery of money spent fixing up the property, alleging also that Defendant changed his mind about selling the property to them (but not alleging any fraud or misrepresentation as such). That case started as a $3000 small claims matter but was transferred to the court's general civil docket. On September 22, 2006, Plaintiff secured a judgment against Defendant for $5,072, pursuant to a bench opinion rendered on that date. A transcript of that proceeding does not recite the precise legal basis for the award (i.e., unjust enrichment, etc.) but concludes with the following:

> "THE COURT: Hold up. I've heard enough.
>
> …..
>
> Based upon what I've heard, I do believe that there was an understanding that they would do the work in lieu of rent that was to be put into this house. And you know, sir, it's unfair – now you can shake your head all you want, but it is unfair for these people to have done all this work and you –"

(Transcript of 9/22/06 Trial, p. 21). The court then went on to enter the indicated judgment.

Before Plaintiff was able to collect on her judgment, Defendant filed his chapter 7

2

petition on July 23, 2007. (Case No. 07-54244). On October 26, 2007, Plaintiff filed her § 523(a)(2)(A) and § 523(a)(6) non-dischargeability complaint, seeking a determination that the state court judgment non-dischargeable under either or both of those sections.

## **II.**

Under § 727(b) of the Bankruptcy Code, a debtor may obtain a general discharge from all debts that arose before the order for relief; however, there are exceptions for certain obligations as set forth in § 523, among which are those asserted by Plaintiff.

*A. 11 U.S.C. § 523(a)(2)(A) Issue*

Section 523(a)(2)(A) provides:

(a) A discharge under section 727 . . . does not discharge an individual debtor from any debt –

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by –

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition…

To prevail on a claim under § 523(a)(2)(A), a plaintiff must show that:

(1) [T]he debtor obtained money through a material misrepresentation that at the time the debtor knew was false or that he made with reckless disregard for the truth; (2) the debtor intended to deceive; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss.

*In re Rembert*, 141 F.3d 277, 280 (6th Cir. 1998). Whether a debtor possessed intent to deceive is measured by a subjective standard. *Id.*

The purpose of § 523(a)(2) is to prevent debtors from retaining the benefits of property obtained through fraud. *In re Omegas Group, Inc.*, 16 F.3d 1443, 1451 (6th Cir. 1994). Plaintiff must show each element by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 286 (1991). The court must construe all of the exceptions to discharge strictly, and must give the benefit of the doubt to debtor. *Rembert*, 141 F.3d at 281.

3

The testimony and evidence produced at trial failed to establish all of the requisite elements. In this case we initially have a threshold issue as to what the original representation or promise in fact was. More importantly for the result, however, and irrespective of whether the original agreement was one to sell or lease, we have a failure of proof on the first element. At best (or worst) what is here involved is a change of mind or breach by Defendant of his agreement. While that might subject Defendant to some financial responsibility (as the state court concluded in awarding a judgment - but not on any basis or claim of fraud), breaking a promise not originally made in bad faith and incurring liability for doing so, without more, does not prove that the originally made promise or representation was fraudulent for § 523 non-dischargeability purposes.

For it to be fraudulent, Plaintiff must among other things convince the Court that whatever original commitment, promise, or representation was made by Defendant, it was, at the time made, in bad faith and with some intent or desire to obtain the improvements on his property without ever fulfilling his part of the agreement, whatever it was. Defendant's position that he was willing to, and did agree to lease, is a fact which among others, militates against such a conclusion. The obtaining of the judgment in the state court on the indicated grounds does not necessarily, in and of itself, equate to the existence of fraud necessary for non-dischargeability of that debt. Something more is required, and Plaintiff has not produced that something more, and thus has not sustained her burden of convincing the Court that the original promise, whatever it was, was made in bad faith, and, that Defendant, from the beginning (or even thereafter but prior to the completion of any of the improvements giving rise to the debt), had no intention to sell or lease and essentially intended from the beginning to breach whatever agreement he made as simply a way of getting the improvements to the property. Thus, Plaintiff has failed to establish a necessary and key element of non-dischargeability of the state court judgment under § 523(a)(2)(A).

*B. 11 U.S.C. § 523(a)(6) Issue*

4

07-06589-wsd    Doc 26    Filed 10/31/08    Entered 10/31/08 14:19:05    Page 4 of 6

Section 523(a)(6) establishes non-dischargeability of "any debt for willful and malicious injury by the debtor to another entity or the property of another entity." In analyzing the parameters of the language "willful and malicious injury," the Supreme Court has noted:

> [T]he word "willful" in (a)(6) modifies the word "injury," indicating that nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury. Had Congress meant to exempt debts resulting from unintentionally inflicted injuries, it might have described instead "willful acts that cause injury." Or, Congress might have selected an additional word or words, i.e., "reckless" or "negligent," to modify "injury." . . . [T]he (a)(6) formulation triggers in the lawyer's mind the category "intentional torts," as distinguished from negligent or reckless torts. Intentional torts generally require that the actor intend "the consequences of an act," not simply "the act itself."

*Kawaauhau v. Geiger*, 523 U.S. 57, 61-62 (1998) (quoting Restatement (Second) of Torts § 8A, Comment a, p. 15 (1964)). This Court had the opportunity to explore the meaning of "willful and malicious injury" in *Rochester Hills Chrysler Plymouth v. Phillips (In re Phillips)*, 153 B.R. 758 (Bankr. E.D. Mich. 1993), where it found:

> The controlling case in the Sixth Circuit on the interpretation of these terms is *Perkins v. Scharffe*, 817 F.2d 392 (6th Cir. 1987). *Perkins* defines "willful" as the "deliberate or intentional" commission of acts which necessarily produce injury. "Malice" is defined as a wrongful act, committed without just cause or excessive, even in the absence of personal hatred, ill-will or spite. Thus, the malice to which § 523(a)(6) refers is malice implied or imputed by law due to the nature of the act or omission, the fact that the act is, of itself, wrongful, constructively amounts to malicious intent. Accordingly, the court held that "a wrongful act done intentionally which necessarily produces harm and is without just cause or excuse …" would constitute a willful and malicious injury excepting debts created thereby from discharge. *Id.* at 394. Therefore, for a debt to be non-dischargeable under § 523(a)(6), it must be the consequences of a wrongful act which necessarily produces harm that was "done intentionally and without just cause or excuse." *Id.*

Id. at 762-763. Plaintiff bears the burden of proving such an injury by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279 (1991).

The same evidentiary deficiencies present in Plaintiff's fraud claim are present with this claim. The evidence simply does not establish that Defendant either caused a "willful and

5

malicious injury" or intended such a result. Just as Plaintiff's failure to show intent with regard to the fraud claim was dispositive to that claim, the same failure is dispositive to this claim. In sum, the Plaintiff has failed to establish non-dischargeability of the state court judgment under § 523(a)(6).

## **III.**

For the foregoing reasons, the Court will enter judgment in favor of the Defendant.

**Signed on October 30, 2008**

                                          **/s/ Walter Shapero**
                                 **Walter Shapero**
                                 **United States Bankruptcy Judge**